IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TONY OWENS                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:09CV117-B-A

MONROE COUNTY, MISSISSIPPI, ET AL.                                                        DEFENDANTS

**ORDER**

This cause comes before the court upon the defendant Monroe County, Mississippi's amended motion to dismiss.[1] Upon due consideration, the court finds that the motions are not well-taken and shall be denied.

The plaintiff alleges that he was arrested on charges of wrongfully selling mortgaged property and held in jail in Monroe County, Mississippi, continuously for a period of forty-four days, from October 22, 2006, until December 4, 2006, before being taken before a justice court judge for a consideration of bail. He further alleges that the officer present at the bail hearing advised the judge, based on false information, that the amount of bail should be $200,000.00, and the judge arbitrarily set bail in that allegedly excessive amount. Bail was reduced to $100,000.00 on December 22, 2006, but the Monroe County Sheriff's Department refused to allow the plaintiff to use his home, worth more than $100,000.00, as bail. The plaintiff therefore paid a professional bondsman $10,000.00 to obtain his release. At the time of his release, the plaintiff had been incarcerated for a period of sixty-two days.

The plaintiff brings the present action pursuant to Section 1983 asserting, inter alia, that his unlawful arrest without probable cause, his being held for an excessive period of time

---

[1] Defendant Monroe County filed a motion to dismiss the original Complaint and First Amended complaint, but the plaintiff was subsequently allowed to amend his complaint a second time. The present motion was filed to include the Second Amended Complaint, and the original motion to dismiss is moot.

without a bail hearing, and his excessive bail violated his rights under the Fourth, Eighth, and Fourteenth Amendments and were the result of the official policies and customs of the City of Aberdeen, Mississippi, and Monroe County, Mississippi.

In considering a motion to dismiss, the court reviews the facts as pled in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The plaintiff in the present case acknowledges that the current law of this circuit does not hold a local government liable for the judicial decisions of its judges. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). The plaintiff correctly asserts, however, that the Fifth Circuit has held that "sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)). Citing, inter alia, Miss. Code Ann. §§ 19-25-69 and -71, the plaintiff further notes that, under Mississippi law, the sheriff is the person who makes the various law enforcement decisions which allegedly resulted in deprivation of the plaintiff's constitutional rights.

Viewing the alleged facts in the light most favorable to the plaintiff, the court finds that the complaint "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

For this reason, the defendant's amended motion to dismiss is not well taken and should be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant Monroe County, Mississippi's amended motion to dismiss is **DENIED**.

This, the 28th day of March, 2011.

                                               */s/ Neal Biggers*
                                               **NEAL B. BIGGERS, JR.**
                                               **SENIOR U.S. DISTRICT JUDGE**